## IN THE

# SUPREME COURT OF ILLINOIS.

## NORTHERN GRAND DIVISION.

### SEPTEMBER TERM, 1874.

72 619
31a 524
72 619
41a 560
72 619
172 425
72 619
e106a²159

## JOHN LOWMAN

### *v.*

## MARGARET AUBERY *et al.*, Admrs.

1. EVIDENCE—*proof of the execution of note sued on.* Where the defendant admits, in open court, that his signature to the note sued on is genuine, and no alteration appears upon its face, the note is properly admissible in evidence, under a plea of *non est factum*, verified by affidavit, without further proof.

2. ALTERATION—*when not apparent, must be shown by the party alleging it.* Where the execution of a promissory note is put in issue by plea, verified by affidavit, and the defendant admits that the name signed thereto is his signature, it is not incumbent on the plaintiff to show that the note has not been altered, where no alteration is apparent on its face, to admit the same in evidence, but the defendant must show that fact in defense.

3. COSTS IN SUPREME COURT—*remittitur.* Where judgment is taken for too large a sum, and, on appeal by the defendant to this court, the appellee, after the cause is submitted, enters a *remittitur* of the excess, if this is the only error, the judgment will be affirmed at the costs of the appellee.

4. WITNESS—*in suit by administrators.* In a suit by administrators of an estate, upon a note given to their intestate in his lifetime, neither of the defendants is a competent witness on the question of an alleged alteration of the note by the deceased, even though one of them is only a surety for the other.

620 LOWMAN *v.* AUBERY *et al.* [Sept. T.

Opinion of the Court.

APPEAL from the Circuit Court of Peoria county; the Hon. J. W. COCHRAN, Judge, presiding.

This was an action of assumpsit, brought by Margaret Aubery and Wesley B. Harvey, administrators of the estate of F. W. Aubery, deceased, against John Lowman and Frederick Koozier, upon a promissory note. The opinion of the court states the facts of the case. Lowman, alone, appealed from the judgment of the court below.

Messrs. ROBERTS & GREEN, for the appellant.

Messrs. COOPER & BASSETT, for the appellees.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

Appellees, as administrators of the estate of F. W. Aubery, deceased, brought an action of assumpsit, in the Peoria circuit court, against John Lowman and Frederick Koozier, on a promissory note purporting to have been executed by them to deceased. The defendant Lowman pleaded *non assumpsit*, and a plea of *non est factum*, sworn to by him. There was a default as to Koozier. A jury was waived, and a trial had by the court, who found the issues for the plaintiffs, and rendered judgment for $784 and costs, from which this appeal is prosecuted.

It is first objected that the court erred in admitting the note in evidence without proof of its execution. In the transcript of the bill of exceptions, we find, after a recital that the plaintiffs offered and read in evidence the note, this statement: "To the reading of which in evidence, defendant Lowman then and there objected, for the reason that the execution of said note by said Lowman was not proven by plaintiffs; but the court overruled the objection, and, upon admission by defendant Lowman that the signature of the said Lowman to the note was his signature, the court permitted the note to be read in evidence, to which defendant Lowman then and there excepted." That portion of this quotation referring to Lowman's

admission to his signature does not appear in the abstract. Such an admission, as all know, obviates the necessity of calling witnesses to prove his signature, and he, in the stipulation filed in the case, admitted that he signed the note.

It is urged that appellees should have proved there had been no alteration of the note before it was offered in evidence. It may be, as was said in *Walters* v. *Short*, 5 Gilm. 252, the court below may have been satisfied, from an inspection of the writing, that there was no alteration, and if so, the finding of the court was correct, and authorized it to be received in evidence, liable to be overcome by evidence on the part of appellant. When the signature was admitted and the note offered, and, on inspection, there was no appearance of alteration to be discovered, the court could not do otherwise than admit it in evidence, leaving defendant to prove an alteration. We presume there was no appearance of an alteration, as three witnesses afterwards, in rebuttal, swore none appeared.

The questions before the court below were, whether the note, after its execution, was altered from $500 to $600, and if altered, whether it had been ratified by Lowman after such alteration. A number of witnesses testified, and there is perhaps some slight contrariety in the evidence, but all considered, we are satisfied that appellant failed to prove the alteration. Several witnesses examined by appellees, and one of the appellees, testified that they had examined the note, and did not believe it had been altered. The judge who tried the case must have examined it, and had he believed it had been altered, he would have found for defendant; and having found for appellees, he undoubtedly, from inspection and the evidence, believed it not to have been altered.

Two witnesses testify to having heard Aubery, in his lifetime, speak of holding a note on these makers, which had been altered from $500 to $600, but they fail to identify this as the note then referred to by Aubery. It may have been, and probably is, true that he then held such a note, as one of the witnesses says he went to see appellant in reference to that note, and they conversed about the note and alteration; but if

so, it must be that the note then held was given up, and this one taken in lieu of the other. We can see no other rational explanation, as this note manifestly, from the evidence, had not been altered.

It is, again, urged that the court erred in not permitting Koozier, the co-defendant, to testify for the defense. In this there was no error. The second section of the act of 1867 expressly prohibits the adverse party to testify against a person suing, or defending as an executor or administrator, unless called by such adverse party.

Koozier was a party to the suit, even if he had no interest in the issue being tried, but the statute prohibits a party, without reference to his interest, from being thus called. The language of the statute is: "No party to any civil action, suit or proceeding, or person directly interested in the event thereof, shall be allowed to testify," etc. This changes any rule that may have been announced by the court previous to its adoption, and not in harmony with that provision of the statute. The statute has spoken, and we must obey.

It is also urged that the sum found by the court was too large, and a reversal was urged on that ground. Appellees, heretofore, and during the term of court when this case was submitted, entered a *remittitur* of $59.50, which is the amount of the error claimed by appellant. This, under the 81st section of the Practice Act of 1872, p. 351, cured the error; but inasmuch as appellant failed to correct it until the cause was brought to this court and submitted, the *remittitur* can only be allowed at the costs of appellees, to be paid in due course of administration.

The judgment of the court below is affirmed, at the costs of appellees, as here indicated.

*Judgment affirmed.*