## MICHAEL R. KELLY

*v.*

## THOMAS W. TRUMBLE.

1. BOND FOR DEED — *does not give right of possession.* A contract or bond for the future conveyance of land does not of itself necessarily imply that the present possession shall pass. It may pass by the express terms of such contract, but in the absence of appropriate language to indicate such intention, the right of possession remains with the legal title.

2. ALTERATION — *materiality.* The addition of words to a bond for a deed, giving a right of immediate possession, by the obligee, without the knowledge or consent of the obligor, being a material alteration, avoids the contract, even though such was the original intention outside the written contract.

3. PAROL EVIDENCE — *to show sale of land when the written contract is avoided by alteration.* Where one party fraudulently alters a contract in a material matter, without the consent of the other, so that it is not admissible in evidence, the other party may prove the original contract by parol, when the statute of frauds is not pleaded, and have a specific performance decreed.

APPEAL from the Circuit Court of Whiteside county; the Hon. W. W. HEATON, Judge, presiding.

This was a bill in chancery, by Michael R. Kelly, against Thomas W. Trumble, to remove a cloud from the title to lands therein named, created by certain tax deeds, and for the cancellation of a certain bond given by the defendant to the complainant for a deed to the same land. The defendant filed a cross-bill for the specific performance of the contract of sale. On the hearing the court dismissed the original bill, and gave the relief sought in the cross-bill.

Messrs. WOODRUFF BROS., for the appellant.

Messrs. HENRY & JOHNSON, for the appellee.

Per Curiam: The bond offered in evidence by appellant was properly excluded by the court. As executed by the parties, there was no provision authorizing appellant to have the present possession of the land. If the law would have supplied the words added by appellant, the alteration would have been immaterial, and it would not have affected the validity of the bond. But a contract for the future conveyance of land does not, of itself, necessarily imply that the present possession shall pass. It may pass by the express terms of such a contract, but in the absence of appropriate language to indicate such intention, the right to possession remains with the legal title. The words added were, " and I do hereby grant immediate possession of the above-described premises to the said Michael R. Kelly and Leander Smith, and said possession is hereby surrendered." The evidence is clear they were added subsequent to the making of the bond, by appellant, in the absence of appellee and without his knowledge or consent. It is not sufficient to cure this objection to say that the words added expressed the real contract between the parties. This would tend to show that the bond, as drawn, did not truly declare the contract between the parties, but would afford no justification to one of the parties, without the consent of the other, to change its terms. One party to a written instrument has no right, without the consent of the other party to it, to reform its language, however inaccurately it may express the real contract between them. Unless the parties shall mutually consent to such reformation, it can only be effected through the aid of a court of equity.

The bond being properly excluded as evidence, was it proper for the court to render a decree under the cross-bill on the parol contract? That there was a contract, is not questioned. The evidence of that contract was attempted to be reduced to writing, but by the fraudulent act of the appellant that evidence is virtually destroyed — that is, his fraudulent act in changing its terms has rendered it inadmissible as evidence.

Under these circumstances, we see no reason why appellant

should not be allowed to show, by parol, what the real contract between the parties was. Parol evidence is always admissible for the purpose of showing fraud or mistake in the execution of an instrument, and in admitting it for this purpose, it becomes necessary to show what was the real agreement of the parties.

In *Hunter* v. *Bilyeu et al.* 30 Ill. 228, this court, after a careful review of the authorities, held, where mistake in the execution of an instrument is charged, parol evidence may be resorted to for the purpose of proving what was the real contract of the parties, and a court of equity may reform a contract according to the evidence of the intention of the parties, and decree its specific performance at the same time.

There is here no question under the statute of frauds. It is not pleaded, and if it had been the evidence shows sufficient part performance to relieve the case from its operation.

We are of opinion, therefore, that the court did not err in ascertaining from parol evidence what the contract was, and decreeing its specific performance.

Appellant, by destroying the bond as an instrument of evidence, did not deprive appellee of all evidence, nor was he bound to resort to it for any purpose. He was authorized to rely on his parol contract, entirely disregarding the written evidence.

The decree is affirmed.

*Decree affirmed.*