## Wm. H. Conkling v. F. H. Olmstead.

63   649
d106   159

1. ALTERATION OF INSTRUMENTS—*Pleading and Proof.*—Proof that an instrument has been altered is competent under a plea denying the execution thereof, but if the alteration is not so apparent on the face of the instrument as to demand an explanation, it may, upon proof of its execution, be admitted as evidence, leaving the defendant to show wherein such alteration consists.

2. ERROR—*Of which a Party can not Complain.*—A party litigant can not complain of an error which tends to his own advantage.

**Assumpsit,** on a promissory note. Appeal from the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed December 6, 1895.

### STATEMENT OF THE CASE.

Assumpsit by appellee against appellant. The declaration contained but one count, which declared specially upon a promissory note alleged to have been given by appellant to one Culp, and by the latter indorsed after maturity to the appellee.

The appellant pleaded the general issue and a special plea denying the execution of the note. The appellee added a *similiter* to the general issue and traversed the special plea.

The only real issue between the parties was that made upon the special plea.

While this plea purported to deny the execution of the note, the only evidence introduced to support it was intended to show the note had been altered after delivery so as to convert it from a non-interest bearing to an interest bearing obligation.

The appellee conceded such alteration had been made by Culp, the payee, and introduced testimony tending to show Culp had changed it by authority given him by the appellant. Appellant denied he had so authorized the change. It appeared without dispute the appellee knew

the alteration had been made before he bought the notes. The only issue presented to the jury was whether the alteration was made by authority.

The instructions asked and given for the appellee and those asked by the appellant, as modified by the court, presented but the one question—whether the appellant authorized Culp to make the alteration, and directed the jury the change was material, and their verdict should be for the appellant, if the change was without authority from him, otherwise for the appellee.

The jury returned following verdict:

"We, the jury, find the issues for the plaintiff, without interest or damage."

The court refused to receive it, and the jury returned a verdict for the plaintiff assessing his damages at $200, which was the amount of the note without interest.

Appellant's motion for a new trial was overruled and judgment entered upon the verdict.

CONKLING & GROUT, attorneys for appellant.

MCGUIRE & SALZENSTEIN, attorneys for appellee.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

The alteration made no apparent change in the face of the note. The plea did not allege any specific alteration, and while the current of authority is, proof an instrument has been altered may be received under a plea denying generally its execution, yet in such state of pleading the plaintiff, if the alteration is not so apparent upon the face of the instrument as to demand explanation, may, upon proof the signature is that of the defendant, introduce the instrument in evidence, leaving it to the defendant to disclose by testimony the change.

The burden of proof sustaining the instrument against the charge it had been changed, rests, upon the whole evidence, with the plaintiff.

Therefore the court did not err in allowing the plaintiff

to introduce the note after proof that it bore the genuine signature of the defendant was produced.

The evidence and the instructions presented but one question to the jury, whether the alteration had been made by authority of the appellant. The evidence upon that issue was conflicting and its determination depended most largely upon the weight and credit accorded the testimony of the appellant and Culp, the payee of the note, who testified in direct opposition to each other.

Therefore the judgment, unless something exceptional appears to take it out the well settled rule governing in such state of case, must be affirmed. It is urged the verdict, which denied the allowance of interest, is radically inconsistent with the view the jury determined from the evidence the change was authorized.

But that was the only issue raised by the pleading or the evidence, and the court expressly directed the jury they should find for the plaintiff if they determined the change was made by authority, and should find for the defendant if the change was unauthorized.

They refused to find for the appellant but found against him.

The verdict may be illogical, but it is so only because the appellee was not awarded the full amount of damages that ought have followed the finding. The evidence introduced to show authority to alter the note disclosed partially the consideration therefor, and this no doubt induced the jury to refuse interest.

There is no error to which appellant may object. Judgment affirmed.