## Charles P. Dewey v. H. Clay Merritt.

1. INSTRUCTIONS—*That the Burden is upon the Purchaser of a Note to Show that he Purchased in Good Faith.*—An instruction that the burden of proof is upon the purchaser of a note to show that he purchased the note in good faith, and that if the jury find from the evidence that the purchase of the note was not made in good faith, that is, that the plaintiff was not honest in the purchase of the note, they should find the issues for the defendant, is erroneous. The party who takes commercial paper before due, for a valuable consideration, without knowledge of any defect of title and in good faith, holds it by a title valid against the world, and the burden of proof lies on the person who assails the right claimed by the party in possession.

2. BILLS AND NOTES—*Burden of Proving Alterations.*—An alteration apparent upon the face of a note must be presumed *prima facie* to have been made after the instrument was executed, and the burden is upon the holder of the note to show the contrary. But where the alteration is not apparent upon the face of the instrument, the burden of proof is upon the defendant who sets up the alteration as a defense.

Assumpsit, upon a promissory note. Appeal from the Circuit Court of Henry County; the Hon. FRANK D. RAMSAY, Judge presiding. Heard in this court at the October term, 1902. Reversed and remanded. Opinion filed January 27, 1903.

ALLEN P. MILLER and BLISH & LAWSON, attorneys for appellant.

NELS F. ANDERSON and EMERY C. GRAVES, attorneys for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This suit was brought by appellant on the following promissory note:

Dewey v. Merritt.

"$1,500.00                    KEWANEE, ILL., Jan. 22nd, 1898.

One year after date we promise to pay to the order of ourselves, fifteen hundred dollars at my office, Kewanee, Ill., value received, with seven (7) per cent interest per annum.

L. SILVERMAN,
H. CLAY MERRITT."

Indorsed,

"L. SILVERMAN,
H. CLAY MERRITT."

Appellee, Merritt, filed the general issue and also a sworn plea denying the execution of the note.

On the trial appellee admitted that his signature to the note introduced in evidence and indorsement of the same on the back thereof, were both genuine; that he signed the note with Silverman and left it with him; that the note was signed in a store room occupied by Silverman, who was a tenant of appellee, and no one but they two were present; that at the time he executed the note it was a note for $100; that where the word "fifteen" now appears before the word "hundred," the word "one" then appeared. The note was sold by Silverman, through his attorney, before maturity, to appellant, who gave as consideration therefor a note for $1,000 which he held, payable "to ourselves," signed and indorsed by Silverman and appellee, and a draft for $400, the balance being accrued interest on the old note and discount on the new one. Appellee, however, testified that he "never signed any thousand dollar note with 'ourselves' on it" with Silverman. The jury found the issues in favor of appellee and there was a judgment against the plaintiff below for costs, from which he appealed.

(1.) We are of opinion that the verdict is not warranted by the evidence. While the written parts of the note appear to be in different handwritings, yet that fact does not of itself indicate that the note was a forgery and is not of itself even a suspicious circumstance. The note, which has been certified up to us for our inspection, does not of itself show that any change has been made in it since it was signed by Merritt. It was admitted by counsel for

appellee upon the trial, that there was no erasure and that no chemicals or scrapings were used on the note. Such being the case it is impossible to discover from an inspection of the note, how the word " one," if it was ever there, could have been changed to the word " fifteen." It is also to be noted that while appellee now swears that the word " one " was in the note originally, it appears from the evidence that he at one time testified in reference to this note that the words written in the body of the note were either " hundred " or " one hundred." If the word " hundred " was originally written in the note without anything before it, it would have been very easy to have inserted the word " fifteen " before it and the present condition of the note would be thus readily accounted for; but a change of the note from the word " one " to the word " fifteen " has not been accounted for, either by the appearance of the note or by other evidence.

(2.) The first instruction given for appellee told the jury that the burden of proof was upon the plaintiff (appellant) to show that he purchased the note in good faith, and that if they found from the evidence that the purchase of the note was not made by plaintiff in good faith, that is, that plaintiff was not honest in the purchase of the note, they should find the issues for the defendant. There was nothing upon the face of the note nor from the circumstances attending the transaction to excite appellant's suspicion and put him upon inquiry. The evidence fails entirely to show any lack of good faith or dishonest purpose on his part in purchasing the note. In Comstock v. Hannah, 76 Ill. 530, the following proposition therein quoted from Goodman v. Simonds, 20 How. 343, is approved:

" The party who takes it (commercial paper) before due, for a valuable consideration, without knowledge of any defect of title and in good faith, holds it by a title valid against the world. Suspicion of defect of title or the knowledge of circumstances which would excite such suspicion in the mind of a prudent man, or gross negligence on the part of the taker at the time of the transfer, will not defeat his title. That result can only be produced by bad

faith on his part. The burden of proof lies on the person who assails the right claimed by the party in possession."

The same quotation is made and approved in Bemis v. Horner, 165 Ill. 347. The instruction was therefore erroneous and should not have been given.

(3.) Appellant offered an instruction that the burden of proving the alteration claimed by Merritt to have been made in the note was upon him, and unless he showed by the greater weight of all the evidence that the note had been altered in a material part, they should find for appellant. This instruction the court refused to give and its action in so doing is assigned as error. The question as to where the burden of proving the alteration lies is a difficult one, and the authorities are apparently conflicting as to whether it is upon the plaintiff or defendant.

The case of Lowman v. Aubery, 72 Ill. 619, tends to sustain the claim of appellant, holding, in a case of assumpsit on a promissory note, where there was a sworn plea of *non est factum*, that when the signature is admitted and the note offered, and on inspection there is no appearance of alteration to be discovered, the court must admit the note in evidence, leaving the defendant to prove an alteration. The doctrine laid down in this case has never been overruled by our Supreme Court, and is supported by Sturm v. Boker, 150 U. S. 312; Odell v. Gallup, 62 Iowa, 253; Ins. Co. v. Brim, 111 Ind. 281; Stirrine v. Briggs, 31 Mich. 443.

The case of Conkling v. Olmstead, 63 Ill. App. 649, is relied upon by appellee as recognizing a different rule from that above stated. In that case, however, it was admitted that the payee had made an alteration in the note after its execution and delivery. After its maturity the note was indorsed by the payee to a third person who knew that the alteration had been made before he bought the note. There was no question raised on the trial as to the change but the plaintiff asserted affirmatively the change was made by consent of the payor and the defendant denied the charge. Under such circumstances the court properly held that the burden of proof, sustaining the instrument against the

charge it had been changed, rested, upon the whole evidence, upon the plaintiff. In the case before us, however, the note was assigned before maturity; it bore no appearance of alteration and the defendant below asserted affirmatively that the note had been changed. Under these conditions the burden of proving the alteration should be cast upon the defendant.

There are cases in New York and Massachusetts which seem to hold that the burden of showing an alteration in a note is upon the plaintiff, but it is to be noted that in most, if not all of those cases, the imperfections in the note or instrument were apparent upon the face of the same.

We are of opinion that the true rule is, that an alteration apparent upon the face of the note must be presumed, *prima facie*, to have been made after the instrument was executed, and the burden is upon the holder of the note to show the contrary. But where the alteration is not apparent upon the face of the instrument, the burden of proof is upon the defendant, who sets up the alteration as a defense. 3 Randolph on Commercial Paper, Sec. 1784 and 1785. Under the circumstances of this case we think this instruction should have been given. The judgment of the court below will therefore be reversed and the cause remanded.