## H. CLAY MERRITT

*v.*

## CHARLES P. DEWEY.

*Opinion filed December 20, 1905.*

1. CONTRACTS—*a material alteration without consent of maker cannot be made, even to express real contract of parties.* One party to a written instrument which does not speak the actual contract of the parties has no right, without the consent of the other, to alter the instrument, after its execution, to make it conform to the actual contract. (*Kelly* v. *Trumble,* 74 Ill. 428, and *Ryan* v. *First Nat. Bank,* 148 id. 349, reconciled and followed.)

2. BILLS AND NOTES—*adding omitted interest clause without the consent of one joint maker invalidates note.* The addition, without the consent of one joint maker of a note, of an interest clause after the note has been executed invalidates the instrument, even though both joint makers understood the note was to bear interest.

3. SAME—*rule as to burden of proof where alteration is claimed.* After plaintiff in a suit on a note has made his case in chief, if no alteration is apparent on the face of the instrument the burden is upon the defendant to establish his claim of a material alteration, and if his evidence tends to show such material alteration, the burden then rests upon the plaintiff to show, if the evidence is not met by denial, that the alteration was made under circumstances not precluding a recovery; but the burden of proof, on the whole evidence, is on plaintiff to show such facts as authorize a recovery.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Henry county; the Hon. W. H. GEST, Judge, presiding.

This is an appeal prosecuted by H. Clay Merritt, the appellant, from a judgment of the Appellate Court for the Second District affirming a judgment of the circuit court of Henry county for $2111.92 in favor of Charles P. Dewey, the appellee, against the appellant. The action was assumpsit, and the declaration consisted of the common counts and a special count on a promissory note for $1500, dated January 22, 1898, due one year after date, signed by L. Silverman and H. Clay Merritt, payable to themselves, and endorsed and transferred by them, before maturity, to

Charles P. Dewey. Both Silverman and Merritt were made defendants. The former permitted a default to be taken against him. The latter filed the general issue, with an affidavit denying the execution of the note.

The evidence for the defendant, Merritt, tended to show that the note had been materially altered, without his consent, since he signed it; that it had been raised from a note for $100 to a note for $1500, either by changing the word "one" before the word "hundred" to the word "fifteen," or if the word "one" was not there, then by writing the word "fifteen" before the word "hundred;" and that it had been changed from a non-interest bearing note to one bearing interest at seven per cent per annum from date.

Plaintiff's evidence in rebuttal tended to show if the word "fifteen" was not in the note when signed, that it was written in a blank space left, when the note was signed, before the word "hundred," and the plaintiff contends that it appears from Merritt's testimony that he knew and understood, when he signed the note, that it was to draw interest at seven per cent per annum.

The note was sold to the plaintiff, who was a banker, by an attorney who was acting for Silverman, and the evidence shows that when the attorney received the note from Silverman and when the appellee received it from the attorney it was in the same condition as it was at the time it was introduced in evidence on the trial below.

The appellant contended in the circuit court, and argues here, that the note shows on its face that it has been altered in the particulars testified to by the appellant, and that the appearance of the note itself was sufficient to put a reasonably prudent man upon inquiry as to its genuineness. The Appellate Court states in its opinion that the original note was certified to that court by the circuit court for inspection, and that the note does not show on its face any evidence of having been changed since it was signed by Merritt. A special interrogatory was submitted to the jury whether the

word "one" was written in the body of the note before the word "hundred" when the note was signed by the appellant, which the jury answered by a special finding in the negative. The original note has not been certified to this court.

At the close of all the evidence the appellant requested the circuit court to instruct the jury to find the issues for the defendant, Merritt, because the declaration counted on a promise only, while the evidence showed the only ground of recovery to be that of negligence on the part of the appellant in leaving blank spaces in the note at the time of signing it. The peremptory instruction so tendered was refused by the court, and its action in this regard is assigned as error. It is also urged that the court erred in giving appellee's instructions numbered 1, 2, 5, 7, 8, 9 and 10, and in refusing to give appellant's instructions numbered 4, 5, 8, 9, 10, 11, 12 and 13, and in modifying certain other instructions asked by appellant.

N. F. ANDERSON, and WILSON, MOORE & FAULL, for appellant.

ALLEN P. MILLER, and JAMES K. BLISH, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The instrument sued on was, at the time suit was brought thereon, in the words and figures following:

"$1500.00.                    KEWANEE, ILL., *January 22, 1898.*

"One year after date we promise to pay to the order of ourselves, fifteen hundred dollars, at my office, Kewanee, Ill., value received, with seven (7) per cent interest per annum.

L. SILVERMAN,<br>H. CLAY MERRITT."

—on the back of which appears the following:

"L. SILVERMAN,<br>H. CLAY MERRITT."

The note was written on a printed blank in which there was no provision for the payment of interest, and Merritt testified that the interest clause, which is in writing and is

as follows: "with seven (7) per cent interest per annum," was not written there when he signed. These words are written on an imaginary line beginning near the left-hand margin of the note and running to the right. Several of the first words are practically on a line with Silverman's signature. The space to the left of that signature, however, was not long enough to contain all the words of the interest clause, and when the line which the words follow reaches the signature of Silverman it curves upward, so as to pass above that signature. Merritt testified further, however, in these words: "I imagine now that the contract was that the note was to draw seven per cent interest; it might be six or seven; I am not positive about it either way." Later, in his testimony, he said that his opinion was that the note was to draw seven per cent, but that the question never came up; that there was nothing talked about the interest when the note was signed, and that he presumed. that the interest clause as it now appears in the note was the same as when he signed it, except that when he signed it it did not contain the words, "with seven." While his testimony is somewhat indefinite, it is yet apparent therefrom that when he signed, either the interest clause was entirely lacking, or the words "with seven" were lacking. No other witness testified on this subject. When the note was delivered to Silverman's attorney it was in the same condition as when suit was brought thereon. No one was present when the note was signed except Merritt and Silverman. Merritt testified that the alterations made in the note after it was signed were made without his knowledge or consent. Dewey did not call Silverman as a witness on the trial below nor account for his absence.

With the proof in this condition the court modified the sixth instruction asked by Merritt, and gave it as modified, in the words following:

"If the jury believe, from the evidence, that the words 'with seven (7) per cent interest per annum' were written

into the note without Merritt's knowledge, authority or consent *that the note was to bear interest at seven per cent per annum,* after he and Silverman had signed it, then you will find the issues for the defendant, Merritt."

The modification consisted in writing in the italicized words. The plaintiff's fifth instruction stated the same propostion in the words following:

"Although the jury may believe, from the evidence, that the words 'with seven per cent interest per annum' were written upon the note after it was signed by Merritt, yet if they further believe, from the evidence, that Merritt, at the time he signed the note, consented that it was to bear interest at seven per cent per annum, then the addition of such words did not change the contract and would not invalidate the note."

Merritt questions the action of the court in modifying his sixth instruction and in giving plaintiff's fifth.

These instructions were given on the theory that if the makers of the note had intended, at the time the note was signed, that it should draw interest at seven per cent, Silverman might thereafter, without the consent of Merritt, insert the interest clause, and that this would not constitute a material alteration, for the reason that it but made the instrument speak as the parties intended it should at the time it was signed. Whether an alteration of a written instrument, after its execution, without the consent of the maker, made for the purpose of making the instrument conform to the actual contract made by the parties, will vitiate the instrument, is a question with reference to which the authorities outside of this State are not unanimous.

In Illinois the question arose in the case of *Kelly* v. *Trumble,* 74 Ill. 428. There the obligee in a bond for deed inserted therein, after the execution of the instrument and without the knowledge or consent of the obligor, words granting immediate possession of the premises to the obligor. This court there said: "It is not sufficient to cure this objec-

tion to say that the words added expressed the real contract between the parties. This would tend to show that the bond, as drawn, did not truly declare the contract between the parties, but would afford no justification to one of the parties, without the consent of the other, to change its terms. One party to a written instrument has no right, without the consent of the other party to it, to reform its language, however inaccurately it may express the real contract between them. Unless the parties shall mutually consent to such reformation it can only be effected through the aid of a court of equity."

Courts of last resort in other States, and text writers, have erroneously concluded that this case has been overruled by the case of *Ryan* v. *First Nat. Bank of Springfield,* 148 Ill. 349, upon which appellee principally relies. A careful examination of the latter case, however, shows that it is not in conflict with the case already cited. In the *Ryan case* a promissory note, signed first by two payors, was made payable to the bank, which required the guaranty of a third person, who signed his name just below the signatures of the makers, and the note was so delivered to the bank. Shortly afterwards the third person came to the bank and had his name erased as one of the makers and written in the note as the payee, and at the same time assigned it to the bank and attached his signature to a guaranty of payment on the back of the note. Suit being brought on the note, the original makers interposed as a defense the fact that the note had been so altered after its execution without their consent, and insisted that the alteration discharged them from all liability. This court held, however, that the alteration did not change the legal liability of the makers; that the effect of the third person signing his name on the face of the paper was precisely the same as though he had signed the guaranty on the back which he afterwards did sign; and it was determined by this court that the alterations made, neither enlarged nor diminished the rights, duties or obliga-

tions of any of the parties to the instrument. That being true, there was no room for the application of the rule invoked by appellee, and the authority of the *Kelly case* is in nowise weakened.

The only other Illinois case relied upon by appellee in this regard is that of *Vogle* v. *Ripper,* 34 Ill. 100. That was a bill in chancery to foreclose a mortgage which secured notes drawing interest at six per cent. The notes, after their delivery, were altered so that they appeared to draw interest at the rate of ten per cent per annum. The answers to the bill setting up these alterations did not aver that the alterations were fraudulent. On account of the lack of this averment in the answers the court refused to consider testimony tending to show an improper motive in making the alteration. It is apparent that this case casts no light upon the question now before us.

One party to a written instrument which does not speak the actual contract of the parties does not have the right to alter the instrument to make it accord therewith. If the right to so make such an alteration existed, the jurisdiction and power of a court of chancery to reform written contracts which inaccurately state the undertakings of the parties would be entirely useless.

It follows that the court erred in giving plaintiff's fifth and in modifying defendant's sixth instructions.

The plaintiff's instructions in reference to the burden of proof, as given by the court, were erroneous. The first is to the effect, without qualification, that the burden of proving any alteration not apparent on the face of the note in evidence is upon the defendant, Merritt. Upon the whole case, the burden of proof was upon the plaintiff to show such a state of facts as would authorize him to recover. (Opinion of Mr. Justice BOGGS, *Conkling* v. *Olmstead,* 63 Ill. App. 649.) After the note was admitted in evidence, no alteration appearing from an inspection thereof, the burden of proof was upon Merritt to show a material alteration.

(*Lowman* v. *Aubery*, 72 Ill. 619.) We think, however, that an instruction stating that the burden of proof was upon the defendant to show a material alteration where no alteration is apparent on the face of the note, should have been coupled with a clause stating that this burden rested on the defendant after plaintiff had made his case in chief, so that the fact would not be obscured that the burden of establishing his cause upon the whole evidence rested upon the plaintiff.

The court then further, by plaintiff's instruction numbered 9, advised the jury as follows:

"And in this case the burden of proof is upon the defendant to show that the plaintiff did not purchase the note in evidence in good faith, and unless the defendant has shown, by the greater weight of all the evidence, that the plaintiff did not buy the note in good faith, then you will find that the plaintiff acted in good faith in the transaction."

This was error. When the defendant had introduced evidence showing a material alteration the burden of proof then shifted to the plaintiff, and it was for him then (where he did not meet such evidence by denial) to show that such alteration had been made under circumstances rendering it lawful or under circumstances which would not preclude a recovery by him. 2 Cyc. 234; *Shroeder* v. *Webster,* 88 Iowa, 627; *Maguire* v. *Eichmeier,* 109 id. 301; *Winter* v. *Pool,* 100 Ala. 503; *Glover* v. *Gentry,* 104 id. 222; *National Ulster County Bank* v. *Madden,* 114 N. Y. 280; *Gleason* v. *Hamilton,* 138 id. 353; *Capital Bank* v. *Armstrong,* 62 Mo. 59; *Dewees* v. *Bluntzer,* 70 Tex. 406.

The other errors assigned are without merit.

The judgment of the Appellate Court and the judgment of the circuit court will be reversed and the cause will be remanded to the circuit court for further proceedings consistent with the views herein expressed.

*Reversed and remanded.*

Mr. JUSTICE HAND took no part in the consideration or decision of this case.