## Abstract of the Decision.

AUTOMOBILES AND GARAGES, § 5*—*what constitutes garage within meaning of ordinance requiring a license.* A motor club, organized as a corporation not for profit, to own, run and maintain a club-house and garage to be enjoyed by members of the club, *held* under the facts of the case to be maintaining a garage within the meaning of a city ordinance requiring a garage license.

----

## Morris Goldstein, Defendant in Error, v. Israel Muller, Plaintiff in Error.

### Gen. No. 18,313. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. RUFUS F. ROBINSON, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed October 13, 1914.

## Statement of the Case.

Action by Morris Goldstein against Israel Muller to recover $259. A part of said sum was alleged to be due plaintiff as an overpayment on a contract for work and materials furnished by defendant; another part was claimed to be a balance due for carpenter work done by plaintiff for defendant under another contract; and the balance was claimed to be due for other work and materials furnished to defendant by plaintiff. Defendant claimed he was not liable for anything set forth in plaintiff's statement of claim, and filed a counterclaim for the amount of $300. The cause was tried by the court without a jury and plaintiff had judgment for $188. To reverse the judgment, defendant prosecutes a writ of error.

BLUM & BLUM, for plaintiff in error.

KAPLAN & KAPLAN, for defendant in error.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1488*—*when admission of incompetent evidence not cause for reversal.* In a case tried by the court without a jury, the admission of incompetent evidence is not sufficient cause for reversal, since the court will be presumed to have formed his conclusion upon the competent evidence only.

2. EVIDENCE, § 476*—*determination of preponderance.* In determining the preponderance of the evidence, there is no hard and fast rule which forbids a trial court from believing one witness rather than two others that contradict him; it all depends on the circumstances, the witnesses and the nature of the testimony.

## Grace B. Guggenheim, Appellant, v. William Guggenheim, Appellee.

## Gen. No. 19,316.

1. DIVORCE, § 67*—*when lack of prescribed residence of complainant will not justify vacation of decree.* Where a divorce is granted by a court having general jurisdiction of the subject of divorce, in a jurisdiction where a bona fide residence of the complainant is a prerequisite to the right to a decree or to any correct action by the court with respect thereto, and the complainant's bill alleges such residence, and the court finds as a fact that it exists, a court of equity is not justified, in either a direct or a collateral proceeding, in vacating such decree of divorce at the suit of such complainant, who participated in fraudulently procuring such erroneous finding, after the lapse of a long interval, during which such complainant acted on the assumption of the validity of such decree and the other divorced spouse married an innocent party, there having been issue of such marriage.

2. JUDGMENT, § 306*—*when judgment or decree will not be vacated in equity.* Where the record discloses jurisdiction of both the parties and the subject-matter, a bill to vacate a judgment or a decree is subject to all the usual rules as to equitable limitation and equitable estoppel, and want of clean hands, laches, estoppel and the intervening rights of third parties may defeat the bill.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.