## Lloyd E. Bowers, Appellee, v. Frank Heflebower et al., Defendants. Fernandus Jacobs, Appellant.

## Gen. No. 7,706.

1. NEGOTIABLE INSTRUMENTS—*burden of proving alteration.* Under Cahill's St. ch. 98, ¶¶ 145 and 146, providing that fraudulently or materially altering negotiable instrument without assent of all parties liable avoids it except as to party altering or assenting and subsequent indorsers, and providing that any alteration that changes number or relation of parties is material, the burden of proving such alteration is upon the party alleging it.

2. APPEAL AND ERROR—*right to complain of favorable error.* Appellant may not complain of an instruction erroneously favorable to himself.

3. NEGOTIABLE INSTRUMENTS—*introducing note as prima facie case.* By introducing note in evidence, plaintiff made out a prima facie case and would be entitled to judgment without other evidence.

4. EVIDENCE—*number of witnesses as affecting preponderance.* The mere fact that three witnesses testify on one side as against one on the other does not place the preponderance on the side of the greater number of witnesses.

5. EVIDENCE—*weight of evidence dependent on facts in evidence.* Although the weight of evidence is for the jury and they should not disregard unimpeached witnesses, yet they should consider the testimony in connection with all facts in evidence, and then assign it the weight to which it is entitled.

6. NEGOTIABLE INSTRUMENTS—*surety's liability where he knows another is to sign.* A surety on a note who knew that another was to sign it, is liable whether or not he had actual knowledge that such other had signed it.

7. NEW TRIAL—*newly-discovered cumulative evidence.* Newly-discovered cumulative evidence on a point not conclusive of the issues does not constitute ground for new trial.

8. JUDGMENTS AND DECREES—*when clerical error in name does not invalidate.* Clerical error, in spelling of defendant's name in verdict returned against her, does not make the judgment rendered thereon against her invalid.

9. APPEAL AND ERROR—*error affecting nonappealing party.* Fact that verdict returned against a codefendant misspelled her name, and judgment rendered against both defendants contained the correct name, gives no cause of complaint on appeal to the second defendant when the codefendant fails to appeal.

10. CONFESSION OF JUDGMENT—*judgment after reopening.* Where a judgment by confession has been opened and on trial the issues are found for the plaintiff the proper practice is to restore the judgment by confession and not to enter an independent judgment.

11. NEGOTIABLE INSTRUMENTS—*when conversation between surety and principal of a note not admissible against holder.* Evidence of conversation between surety and principal on a note is not admissible against holder when evidence fails to show that the principal on the note was acting as an agent of the holder to obtain the surety's signature.

12. ALTERATION OF INSTRUMENTS—*when alteration not shown on face of instrument.* The fact that the name of a surety on a note was written in different colored ink and inserted between the names of the other two signers does not of itself show an alteration so as to preclude its introduction in evidence.

13. INSTRUCTIONS—*refusal to give instructions covered by others.* Where all the facts and law contained in a requested instruction are given in other instructions, the refusal of such requested instruction is not error.

Appeal by defendant from the Circuit Court of Whiteside county; the Hon. NELS A. LARSON, Judge, presiding. Heard in this court at the October term, 1926. Affirmed. Opinion filed December 17, 1926. Rehearing denied January 10, 1927.

VAN SANT & BESSE and CARL E. SHELDON, for appellant.

J. J. LUDENS, JACOB CANTLIN and LAWRENCE L. WINN, for appellee.

MR. PRESIDING JUSTICE PARTLOW delivered the opinion of the court.

A judgment by confession for $6,834 was entered by the circuit court of Whiteside county, in favor of appellee, Lloyd E. Bowers, against Frank Heflebower, Rilla E. Heflebower, and appellant, Fernandus Jacobs. On motion of Rilla E. Heflebower and Jacobs, the judgment was opened as to them with leave to plead. There was a trial by jury, verdict and judgment

against Rilla E. Heflebower and Jacobs, and Jacobs has appealed, the judgment remaining in full force and effect as to Frank and Rilla E. Heflebower.

It is claimed that after Heflebower, as principal and appellant as surety, had signed this note, and after its delivery to appellee, the note was returned by appellee to Heflebower, and that Rilla E. Heflebower, who was the wife of Frank Heflebower, signed the note; that appellant had no knowledge that Rilla E. Heflebower had signed the note until it was placed in judgment, and that he never consented to her signing it; that this was such an alteration as released appellant from payment, and that he is no longer liable thereon.

The evidence shows that in 1909, Frank Heflebower had certain business transactions with appellee, and borrowed $6,000, for which he gave his note signed by himself and appellant. This note was renewed once or twice. The final renewal was on November 1, 1919, being the note in this case.

Appellee testified that Rilla E. Heflebower had been on the previous notes, and that he had no conversation with Frank Heflebower in regard to the renewal of this note, either before or after its execution. About the time the prior note became due, he sent the note in question from his home in Chicago to Heflebower in Sterling, without any instructions from appellee. Heflebower, his wife and appellant signed it, and it was returned to appellee. He had no conversation with Heflebower afterwards in regard to it. He had no office in Chicago at the time Heflebower testified he talked with appellee about the note, either before or after the date of the note, but at that time his office was at his home in Western Springs, a number of miles from Chicago. He testified he did not send the note back to Frank Heflebower to have Rilla E. Heflebower attach her signature, but he retained possession of it from the time it was first given to him until it was sent to his attorney to put in judgment.

Frank Heflebower testified that the note sued on was a renewal of a former note; that shortly before the former note became due he went to Chicago, called on appellee at his office and asked him if he would renew the note. Appellee said he would renew it if Heflebower would get appellant to sign as surety. Heflebower told appellee to send a note to him and he and appellant would sign it. A note was sent to Heflebower and Heflebower and appellant signed it, and it was returned to appellee about November 1, 1919. Heflebower testified that sometime in December he was again in Chicago and called on appellee at his office in the Temple Court Building. Appellee said he would like to have Rilla E. Heflebower sign the note. Heflebower said he thought his wife would be willing to sign it. Appellee did not have the note at that time but stated that it was in the Central Trust Company. He said that when he went to the bank he would get it and send it to Heflebower. Appellee sent the note to Heflebower, and he asked his wife to sign it, which she did at her home, and it was mailed back to appellee in Chicago; that appellant knew nothing about this transaction. On cross-examination Heflebower testified that to the best of his recollection his wife's name was not on the former note.

Rilla E. Heflebower testified she had signed notes with her husband, but she could not say whether she signed other notes with her husband and appellant, unless she was first told the names of the parties to whom such notes were payable. She testified that the note in question came to her home by mail. Her husband asked her to sign it. The names of her husband and appellant were already on the note and written upon the only two lines provided for signatures. She wrote her name between the other two names and partly over both. The note was then given to her husband and so far as she knew appellant did not see it

or know that she had signed it. She fixed the date of her signing this note by the fact that her husband was in the city of Chicago just prior to that time. She testified that it might be possible for the note to have been signed by her in November, 1919.

Appellant testified that he and Heflebower signed the note either at his home or at the State Bank in Sterling. He had no knowledge that Rilla E. Heflebower had signed it until after it was put in judgment. He did not consent to her signing it, and at the time he signed it the name of Rilla E. Heflebower was not on it.

Appellant insists that the appearance of the note corroborates these three witnesses; that the name Rilla E. Heflebower was written between the two names, partly over both, in a different color of ink, and apparently at a different time; that if Rilla E. Heflebower was expected to sign the note that appellee would probably have sent a note with space for three signatures instead of space for only two signatures; that if it had been understood that all three parties were to sign, they would have written their names small enough so there would have been room for all to sign without writing the name of Rilla E. Heflebower between the other two signatures; that Heflebower had no office at the time the note was signed, and received his mail at home, and when he got the note, had his wife been expecting to sign it, they would have signed it before he took it down town to have appellant sign it; that the ink not only was of a different color but her signature, although written partly over the other signatures, was plain and distinct.

Section 123 of the Negotiable Instruments Act [Smith's Statutes 1925, page 1768; Cahill's St. ch. 98, ¶ 145] provides that where a negotiable instrument is fraudulently or materially altered by the holder without the assent of all parties liable thereon, it is avoided

except as against the party who has himself made, authorized, or assented to the alteration and subsequent indorsers. Section 124 [Cahill's St. ch. 98, ¶ 146] provides that any alteration which changes the number and the relation of the parties is a material alteration. The decisions are in accordance with these provisions of the statute. *Fowler v. Lachenmyer,* 193 Ill. App. 547; *Soaps v. Eichberg,* 42 Ill. App. 375. It has been held that such an alteration releases the surety whether such alteration is injurious or beneficial to the party liable. *Keller v. State Bank of Rock Island,* 292 Ill. 553.

The court instructed the jury that the burden of proof was on appellee to prove that the note was not altered, and refused to instruct the jury that such burden was on appellant. Where an alteration is alleged to have been made, and such alteration is not apparent upon the face of the instrument, the burden of showing that the note had been altered is upon the party alleging it. *Merritt v. Dewey,* 218 Ill. 599; *Lowman v. Aubery,* 72 Ill. 619; *Central Trust Co. v. Kendall,* 202 Ill. App. 294. There is considerable doubt from the evidence whether the alleged alteration appears upon the face of the note or not, but regardless of that fact, appellant had the benefit of the instruction on this point and is in no position to complain. When appellee introduced the note in evidence he made out a prima facie case and, if no other evidence had been offered, would have been entitled to a judgment.

The evidence shows there had been many transactions between the parties. Appellant had signed several, if not many, notes as security for Heflebower, and Rilla E. Heflebower had done the same thing. She was uncertain in her evidence as to whether she had signed other notes with her husband and appellant. She testified she could not tell whether she had done so or not. She could not tell how many times,

during the past several years, she had signed notes at her house when her husband was present, but she knew she had signed several. She could not remember that she had signed any other notes in any other month in 1919. She testified that this note might have been signed in November, 1919, but that she thought it was signed about Christmas, or sometime in December. Appellant testified that when he signed the note Rilla E. Heflebower's name was not on it and that he did not know her name was on it until after it was placed in judgment. He did not testify, however, that he did not know that she was to sign it. He testified he did not remember having signed any notes which were also signed by her. He was not certain just where he signed this note. He did not remember the details of signing it. He testified he did not think this note was a renewal of any other note.

The preponderance of the evidence does not always depend upon the number of witnesses who testify. The number of witnesses who testify is one of the elements to be taken into consideration in determining the preponderance. From the mere fact that three witnesses testify on one side and one witness testifies on the other, it does not follow that the preponderance is on the side of the three witnesses. The one witness may be supported by the facts and circumstances in the case to such an extent that his testimony induces a belief that it is reasonable and probable, while that of the other witnesses does not produce such a belief. The weight of the testimony is for the jury. They have no right to arbitrarily disregard the testimony of unimpeached witnesses, yet they are to consider such testimony in connection with all the facts and circumstances in evidence and give it such weight as it is entitled to. *Goldstein v. Muller,* 189 Ill. App. 145; *Krasa v. Robbins,* 186 Ill. App. 198; *Siess v. Branzuly,* 183 Ill. App. 192; *Chicago Union Traction*

*Co. v. O'Donnell*, 113 Ill. App. 259. If appellant knew that Rilla E. Heflebower was to sign this note he would be liable whether he had any actual knowledge that she had signed it or not. When the evidence is considered as a whole and is viewed in the light of the uncertainty of appellant and Rilla E. Heflebower as to the execution of this note and other notes, we cannot say that the verdict is so manifestly against the weight of the evidence as to justify us in reversing the judgment.

Upon the motion for a new trial, H. E. Brown made an affidavit that appellee had an office in Chicago in November and December, 1919, and that he was present and heard the conversation between appellee and Heflebower relative to Rilla E. Heflebower's signing this note. The court overruled the motion for a new trial and this ruling is assigned as error. Heflebower testified that appellee had an office in Chicago in November and December, 1919. This was denied by appellee. There was evidence on each side of this question. The facts set up in the affidavit of Brown constituted cumulative evidence on a point not conclusive of the issues in the case and did not constitute grounds for a new trial. *Springer v. Schultz*, 205 Ill. 144; *Meyer v. Mead*, 83 Ill. 19; *Netcher v. Bernstein*, 110 Ill. App. 484.

Appellant contends that the jury returned a verdict against Rilla E. *Hefelebower* and appellant; that no such person as Rilla E. *Hefelebower* signed the note or was a party to the suit; that the verdict does not conform to the instructions as to the form of the verdict or to the pleadings; that judgment was rendered against Rilla E. Heflebower, but that no verdict was returned against her. This contention is based upon the alleged fact that an extra "e" is used in the spelling of the name "Heflebower." There is no merit in this contention. The most that can be said on this

point is that the difference in names, if there was any difference, was merely a clerical error. Rilla E. Heflebower has not appealed, and is raising no question as to the form of the verdict or the judgment rendered thereon.

The jury returned a verdict finding the issues in favor of appellee and against appellant and Rilla E. Heflebower. Appellant insists that the court apparently entered judgment against appellant and a separate judgment against Rilla E. Heflebower; that there should have been one judgment against the two and it was error to enter separate judgments against each; that the judgment against appellant is insufficient. The judgment does not appear in full in the abstract and we are unable to determine the exact language used. As far as appellant is concerned, it provided that the judgment of September 17, 1924, being the judgment entered by confession in favor of appellee and against appellant, for $6,384, stand in full force and effect as of the date of the rendition of said judgment. Where a judgment by confession has been opened and a trial had, and the issues are found for the plaintiff, the proper practice is to restore the judgment by confession and not to enter an independent judgment. *Shinner v. Raschke,* 213 Ill. App. 324; *Morris v. Taylor,* 199 Ill. App. 588; *Cervenka v. Hunter,* 185 Ill. App. 547. The judgment was in accord with these authorities and was correct as far as appellant was concerned.

Complaint is made that appellant was not permitted to show the conversation between Heflebower and appellant at the time the note was signed, it being contended that the evidence showed that Heflebower was the agent of appellee in the transaction. There is nothing to show that Heflebower was the agent of appellee in procuring this signature. Appellee was acting in his own behalf, and Heflebower was not his

agent in securing the renewal of the note. No question of agency arose in the case, and for that reason the evidence was properly excluded.

It is insisted that the court improperly admitted the note in evidence, because there was an apparent alteration in the instrument on account of the signature of Rilla E. Heflebower being in a different colored ink between the other two signatures. The mere fact that a different colored ink was used did not prove that the signature was added subsequent to the execution of the note. Nor did the fact that the signature was written between the signatures of the other two signers prove that it was an altered instrument. An inspection of the note did not show the alleged alteration and therefore it was properly admitted in evidence subject to proof by appellant that it had been altered.

A statement was made by counsel for appellee when plaintiff's Exhibit 2 was offered in evidence, with reference to the defense of alteration not having been originally interposed. An objection was sustained to this statement and no injury was done to appellant.

The third instruction refused on behalf of appellant was an abstract proposition of law the substance of which was that an alteration by the addition of a name to a note, without the knowledge or consent of a surety, invalidated such note as to the surety. It is insisted that this instruction should have been given. Appellant's given instructions 8, 10, 12 and 15 embody all of the facts as stated in this instruction. The court fully instructed the jury as to the law applicable to appellant's side of the case, and the third instruction was properly refused.

We find no reversible error and the judgment will be affirmed.

*Judgment affirmed.*