JERCON MEYER

v.

LORENZO MEAD.

1. NEW TRIAL—*newly discovered evidence.* A new trial will not be granted for newly discovered evidence which is merely cumulative and not decisive, and where the affidavit fails to show diligence to procure the testimony.

2 EVIDENCE—*instruction as to preponderance.* There is no error in instructing the jury that the preponderance of the evidence is not alone determined by the number of witnesses testifying to any fact or facts, but that, in determining its preponderance, the jury should take into consideration the opportunities or occasion of the witnesses seeing, knowing or remembering what they testify to, the probability or improbability of its truth, the relation or connection, if any, between the witnesses and the parties, their interest or lack of interest in the result of the case, and their conduct and demeanor while testifying.

3. INSTRUCTION—*modification.* There is no error in modifying an instruction by adding a correct legal principle pertinent and proper to be considered with the facts of the case.

APPEAL from the Circuit Court of Cook county; the Hon. W. K. MCALLISTER, Judge, presiding.

Mr. D. HARRY HAMMER, and Messrs. SMITH & IVES, for the appellant.

Messrs. BARGE & DIXON, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Suit was brought by appellee, against appellant, to recover for personal injuries received by reason of the team of horses of the latter running into the wagon of the former, whereby he was violently thrown to the ground and run over by the

wheels of the wagon of appellant. The facts not controverted are, that, on the 26th of February, 1874, as appellee, who was engaged in hauling stone from Blue Island to Washington Heights, was returning for a load, and shortly after leaving Washington Heights, a team, in charge of a driver, coming from behind him, and going in the same direction, ran into the rear end of his wagon (one of the horses jumping upon the end of the dump-boards, upon which he was sitting) and threw him to the ground with great violence, under the wheels of the approaching wagon, which ran over him. He received very severe and permanent injuries in consequence, and it is not insisted, if the judgment is properly against appellant at all, that the amount ($2000) is excessive.

The main controversy, on the trial, was as to the identity of appellant with the driver in charge of the team causing the injury. There is a very serious conflict of the evidence in that regard, but we think, from a very careful examination of the evidence preserved in the record, there is no sufficient cause for disturbing the verdict because of its being manifestly contrary to the weight of the evidence. Indeed, the question is so peculiarly within the province of the jury, and the evidence so conflicting, that, had they found either way, we should be disinclined to interfere with their finding.

The affidavits in support of the motion for a new trial are to matters purely cumulative to evidence given on the trial, and which, even if the evidence had been given on the trial, would by no means have been necessarily conclusive; and they also lack the indispensable element of showing the exercise of due diligence to have procured the evidence in time for the trial. They were properly disregarded.

Objection is taken to the second instruction given at the instance of the appellee. It was as follows:

"The jury are instructed that the preponderance of the evidence in a case is not alone determined by the number of witnesses testifying to any fact or facts, but, in determining where the preponderance is, the jury must also take into consideration

the opportunities or occasion of the witnesses seeing, knowing or remembering what they testify to or about, the probability or improbability of its truth; the relation or connection, if any, between the witnesses and the parties, their interest or lack of interest in the result of the case, and their conduct and demeanor while so testifying."

It is claimed that the instruction told the jury, substantially, that, in determining where the preponderance of the evidence was, they need only consider the number of witnesses, and certain other matters *pertaining to the witnesses*, whereas the facts and circumstances proved in the case ought to, and must, be considered, as well as the number and credibility of the witnesses. This is a strained and unfair criticism, as we conceive. The instruction does not, in express terms nor by legitimate inference, exclude from the consideration of the jury any fact or circumstance bearing upon the case. It informs the jury that a preponderance of evidence is not to be determined alone by the numbers of witnesses, but that they should also take into consideration well recognized factors in the determination of its weight. We see no objection to this, and think it improbable the instruction should have misled the jury to appellant's prejudice.

Objection is also taken to the modification of the second instruction as asked by appellant. It is not claimed that the instruction, as modified, is improper, but only that the instruction, as asked, was complete in itself, and that it should have been given without the modification. We are unable to see how appellant is prejudiced by the modification. It contains no bad law, is pertinent to the issue and applicable to the evidence, and does not interfere with a comprehension of the legal proposition as submitted by appellant. We think the modification was entirely proper.

Nor do we see any objection to the modification of the third instruction as asked by appellant. As modified, the instruction states the law correctly, and presents clearly the proposition asked by appellant to be stated to the jury, and adds only

matter which is pertinent and proper to be considered in connection therewith.

The instructions, as a series, presented the law applicable to the case fully and fairly.

We are unable to discover any error in the record, and the judgment must be affirmed.

*Judgment affirmed.*