THE CHICAGO UNION TRACTION COMPANY

*v.*

MARGARET YARUS.

*Opinion filed June 14, 1906.*

1. INSTRUCTIONS—*when use of word "should" does not make an instruction objectionable.* The word "should," in an instruction stating that in determining the preponderance of the evidence the jury "should" take into consideration the opportunities of the witnesses for seeing or knowing the things about which they testify; their conduct while testifying; their interest, if any, in the suit, and the probability or improbability of the truth of their statements in view of all the other facts proved, is not objectionable as being an exclusion of other elements from the jury's consideration.

2. SAME—*when omission of element from instruction as to duty of carrier to passenger is not fatal.* Omitting from an instruction stating the duty of a carrier to its passenger, the element requiring such care to be consistent with the mode of conveyance adopted is not ground for reversal, where there is nothing within the issues before the jury requiring the submission to them of the question arising on the omitted element.

221—41

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. OSCAR E. HEARD, Judge, presiding.

JOHN A. ROSE, and ALBERT M. CROSS, (W. W. GURLEY, of counsel,) for appellant.

A. W. BRICKWOOD, and BENJAMIN F. RICHOLSON, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court for the First District affirming a judgment of the superior court of Cook county against the appellant for $1500, as damages for an injury alleged to have been received by appellee while in the act of leaving one of appellant's cars, by reason of the sudden starting of said car before appellee had time to alight therefrom, thereby throwing her upon the pavement and severely and permanently injuring her. On the trial below appellant sought to prove as a defense to the action that appellee was injured through her negligence in stepping from the car before it had completely stopped, and not by the starting of the car. The errors assigned here are the giving of two of appellee's and the modification of one of appellant's instructions, and the making of prejudicial remarks by appellee's attorney upon the trial.

The first instruction is:

"The jury are instructed that the preponderance of evidence in a case is not alone determined by the number of witnesses testifying to a particular fact or state of facts. In determining upon which side the preponderance of evidence is, the jury should take into consideration the opportunities of the several witnesses for seeing or knowing the things about which they testify; their conduct and demeanor while testifying; their interest or lack of interest, if any, in the

result of the suit; the probability or improbability of the truth of their several statements, in view of all the other evidence, facts and circumstances proved on the trial, and from all these circumstances determine upon which side is the weight or preponderance of the evidence."

It is urged that the effect of the word "should" in said instruction was to peremptorily instruct the jury that it should consider only the elements there outlined in determining the question of the preponderance of the evidence, and to exclude from its consideration the element of the number of witnesses, and that it should have been stated in a permissive, rather than in a peremptory, manner. In the case of *Meyer* v. *Mead*, 83 Ill. 19, the word "must" was used where "should" appears in the instruction under discussion, and the giving of said instruction was approved by this court. And in *Illinois Steel Co.* v. *Ryska*, 102 Ill. App. 347, the point here presented was made on an instruction identical with the one here under consideration, and the court held the objection was not well taken, and this court affirmed such judgment. (*Illinois Steel Co.* v. *Ryska*, 200 Ill. 280.) It was not error to give said instruction.

The next error assigned is the giving of the following instruction:

"The jury are instructed by the court that if they believe, from the evidence, that the plaintiff was a passenger on the car of the defendant, as alleged in the declaration, and if they believe she had paid her fare, then the defendant was bound to exercise the highest degree of care and foresight for the safety of its passengers, consistent with the practical operation of its road."

The objection to this instruction is, that it does not limit the degree of care to be exercised by appellant to those matters which it could reasonably do with the mode of conveyance adopted. Under other facts and circumstances the giving of a similar instruction has been held reversible error by this court, (*North Chicago Street Railroad Co.* v. *Polkey*,

203 Ill. 225,) but under the facts disclosed by the proofs in this case the giving of said instruction should not, we think, work a reversal of the case. Was the appellee injured by the car from which she was alighting being prematurely started, or was she injured by reason of her attempting to alight from the moving car, were the questions submitted to the jury for decision. There was nothing within the issues before the jury requiring the submission to the jury of the question claimed to have been omitted from the instruction. The giving of the instruction was not, therefore, reversible error.

The criticism made upon the modified instruction given on behalf of appellant is, that by reason of the modification the trial judge stated to the jury that it was not to understand or assume that the court intended to express any opinion upon the issues involved, whereas, if it had been given as offered, the instruction would have stated that the jury should not infer, from the giving of the instruction, that appellee had been injured or that appellant was liable. The criticism made upon the instruction as modified we think hypercritical.

The court sustained an objection to what is claimed to have been an objectionable remark upon the part of counsel for appellee made during the trial, and directed the jury to disregard such remark. The error, if any, was cured by the action of the trial court.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*