## Chicago City Railway Company v. Mary Pural.

### Gen. No. 12,583.

1. DECLARATION—*charge of negligence contained in, construed.* A charge of negligence as follows:

"the motormen and conductors wrongfully, negligently, knowingly, improperly and carelessly caused it to be run and moved in an eastern direction at a high rate of speed, wrongfully, carelessly and improperly caused it to go and to be brought into contact with a certain other car running at a high rate of speed in and along said Wentworth avenue in a northern direction, so that the front end of said Wentworth avenue car came in contact and collided with said Thirty-first street car "—

is not alone a charge of negligence as to the speed of the car, but is also a charge that the defendant wrongfully, carelessly and improperly caused the collision referred to.

2. NEGLIGENCE—*what establishes prima facie case where collision resulted in injury to passenger.* Proof that the plaintiff was a passenger upon a car of the defendant, that she was in her seat and that while there she was struck by another car of the defendant and injured, makes a *prima facie* case.

3. CARRIER—*instruction as to care required of, toward passenger, approved.* An instruction upon this subject as follows, is approved;

"The jury are instructed, as a matter of law, that it is the duty of a railroad company to use the highest degree of care and caution, consistent with the practical operation of the road, to provide for the safety and security of passengers while being transported."

Action on the case for personal injuries. Appeal from the Superior Court of Cook County; the Hon. GEORGE A. DUPUY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1905. Affirmed. Opinion filed July 13, 1906.

**Statement by the Court.** This is an appeal by the defendant from a judgment for the plaintiff for $1,875, recovered in an action on the case for personal injuries.

Defendant had an electric street car line on Thirty-first street, an east and west street, and another on Wentworth avenue, a north and south street. It was the rule of the defendant company that its cars on Thirty-first street should come to a stop before crossing Wentworth avenue.

Plaintiff was a passenger on an east-bound car on Thirty-first street. This car did not come to a stop on the west side of Wentworth avenue and when it reached the east track in that avenue it was struck by a north-bound car running on that track, and the plaintiff was injured.

WILLIAM J. HYNES, SAMUEL S. PAGE and WATSON J. FERRY, for appellant; MASON B. STARRING, of counsel.

SCOTT OSTEN CAVETTE, for appellee; BARRETT & BARRETT, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

The charge of negligence in the declaration is, that while plaintiff was a passenger upon the Thirty-first street car "the motormen and conductors wrongfully, negligently, knowingly, improperly and carelessly caused it to be run and moved in an eastern direction at a high rate of speed, wrongfully, carelessly and improperly caused it to go and to be brought into contact with a certain other car running at a high rate of speed in and along said Wentworth avenue in a northern direction, so that the front end of said Wentworth avenue car came in contact and collided with said Thirty-first street car." This is not alone a charge of neg-

ligence as to the speed of the car, but is also a charge that
the defendant wrongfully, carelessly and improperly caused
the Thirty-first street car to go and be brought in contact
with the Wentworth avenue car. Chicago City R. R. Co.
v. Jennings, 157 Ill. 274.

Proof that the plaintiff was a passenger in the Thirty-
first street car of the defendant; that she was in her seat,
and that while there she was struck by another car of the
defendant and injured, made a *prima facie* case of negli-
gence of the defendant.

The contention of appellant is that the evidence shows
that the collision occurred because a brake on the Thirty-
first street car failed to work without any fault or negli-
gence on the part of the defendant. There was no evidence
as to what caused the brake to fail to work, if it did fail,
nor that any examination was made of the brake after the
collision. The motorman, who had run a motor car but
two weeks and had been a student or apprentice upon a
motor car two weeks before he was given a car, was the
only witness who testified that the brake was out of order
or failed to work. On his cross-examination he testified as
follows: "I certainly do say that the brake was out of
order, because it did not take hold enough. Why it did
not I could not tell you."

Another motorman called by the defendant testified that:
"When you put on the brake you can't tell in advance
whether it is going to work or not until you try it. Some-
times the brake will take, and then don't, and it will catch
again if applied the second time." There was no sand box
on the Thirty-first street car and the rail was wet.

Whether the evidence offered by the defendant was suffi-
cient to overcome the *prima facie* case made for the plaintiff
was, in our opinion, a question of fact for the jury upon
which their verdict must be held conclusive.

There is much conflict in the evidence as to the nature
and extent of plaintiff's injuries and the consequences
thereof, but we cannot say that, upon the evidence, the
damages awarded her by the jury are excessive.

We find no reversible error in the rulings upon evidence.

Complaint is made of the following instruction given for the plaintiff: "The jury are instructed, as a matter of law, that it is the duty of a railroad company to use the highest degree of care and caution, consistent with the practical operation of the road, to provide for the safety and security of passengers while being transported," because of the omission of the word "reasonably" before the word "consistent."

A similar instruction given for the plaintiff in which the word "reasonably" was omitted was approved in West Chicago v. Kromshinsky, 185 Ill. 92. See also C. U. T. Co. v. Yarus, 221 Ill. 641.

The judgment of the Superior Court will be affirmed.

*Affirmed.*