### East St. Louis Railway Company v. Lea Gray.

1. CONTINUANCE—*when affidavit for, defective.* An affidavit for a continuance predicated upon the absence of an alleged material witness is defective where it states that the affiant "had reason to believe" that such absent witness would testify as specified. The words quoted are not the legal equivalent of the statement that affiant "did believe."

2. VARIANCE—*effect of amendment on complaint of.* A complaint of variance is removed by an amendment which makes the pleading conform to the proof.

3. INSTRUCTION—*when, upon right of recovery, proper.* An instruction upon the right of recovery is proper which tells the jury that the plaintiff is entitled to recover if he proves his case as laid by his declaration, where such declaration alleges all the facts necessary to a recovery.

4. INSTRUCTION—*particular phrase held not improperly used.* *Held,* that the omission of the word "negligently" and that the use of the phrase "injuries complained of" were not erroneous.

5. INSTRUCTION—*when need not refer to evidence.* An instruction which states a correct abstract legal proposition applicable to the case, need not refer to the evidence.

Action in case for personal injuries. Appeal from the City Court of East St. Louis; the Hon. W. J. N. MOYERS, Judge, presiding. Heard in this court at the February term, 1907. Affirmed. Opinion filed September 13, 1907.

SCHAEFER & FARMER, for appellant.

DAN McGLYNN, for appellee.

-MR. JUSTICE MYERS delivered the opinion of the court.

This was an action in case brought by appellee against appellant to recover damages for injuries received while attempting to board a street car in operation over the road of appellant on St. Clair avenue in the city of East St. Louis. The declaration, in one count, alleged that appellant was operating an electric street railway upon St. Clair avenue in the city of East St. Louis, over which cars for the carriage of passengers were propelled by electric power, that on the 21st day of January, 1905, while one of appellant's cars was stopped at or near Second street, appellee attempted to board said car to become a passenger to St. Louis, Missouri, and while so attempting to board said car, to become a passenger to St. Louis, Missouri, and while so attempting to board said car, appellant, by its servants then in charge of said car, carelessly, negligently and improperly suddenly jerked and moved said car forward, without any notice or warning to appellee, whereby she was thrown with great force and violence against the step of the car and was dragged, whereby she was injured, etc. The declaration was filed in August, 1905, to which appellant pleaded not guilty, and on the day of trial, March 21, 1906, by leave of court, filed a special plea denying the averment of the declaration that the servants of appellant were in charge of the car at the time of the injury. Replication to the special plea was filed and a trial by a jury resulted in a verdict for appellee, assessing the damages at $1,000. Appellant moved for a new trial, appellee remitted $50 of the damages assessed, and by leave of the court amended the declaration. The motions for new trial and in arrest of judgment were denied and judgment rendered on the verdict for $950, from which this appeal was taken.

On the day of trial appellant moved for a continu-

ance on the ground that one Leo Norris, a non-resident, and material witness, was absent. The affidavit in support of the motion was made by H. M. Braun, an agent of appellant. After a statement of the expected testimony by the absent witness and the issues under which it would become material, the "affiant further states that he had a conversation with the said absent witness, in which he detailed to affiant the facts in substance as hereinbefore stated, and that he has every reason to believe that the said witness will swear to said facts if present as a witness and has every reason to believe that said facts are true." Clearly the affidavit is defective within the rule stated in Lichliter v. Russell, 89 App. 62, and the reason for its application in that case will justify its application in the case at bar. Whether or not the affiant had "every reason to believe" that witness would testify to the facts stated, or that the facts were as stated, the court could not very well determine without first being told all the reasons upon which the affiant's belief was based. The statement that "he had reason to believe" is not the legal equivalent of the statement that "he did believe," though in this case it might have been so intended. Whether or not a continuance should have been granted was discretionary with the court, and taking into consideration the delay in application and without showing by affidavit that other witnesses were not available to make the proof desired, or that affiant knew or believed the facts to be proved, or that he believed or expected that the testimony or deposition of the absent witness could be procured at the next term of court, we cannot say that the court abused its discretion in denying the continuance.

At the close of appellee's evidence and again at the close of all the evidence appellant moved the court to exclude the evidence and instruct the jury to find the defendant not guilty. The grounds of the motion as stated were, (1) that the proof did not sustain the allegations of the declaration and (2) because of a vari-

ance between the declaration and proof. The variance upon which appellant relies and as stated in argument relates to the allegation "that the defendant, the East St. Louis Railway Company, was possessed of and using and operating an electric street railway upon and along St. Clair avenue, and that the said defendant by certain of its servants then in charge of said street cars, stopped the same on St. Clair avenue, and that while the plaintiff was attempting to board said car, the defendant, by its servants, then in charge of said car, carelessly, negligently and improperly suddenly started the car." It appears in evidence that appellant owns the railway in question, but that it is controlled and operated by the East St. Louis and Suburban Railway Company under a lease from appellant. It is therefore insisted that there is a fatal variance between the allegation and proof respecting the company and servants whose negligence caused the injury. The contention by appellant was pressed in argument upon the motion for a new trial, whereupon the appellee by leave of court amended his declaration to accord with the evidence and obviate the objection as to a variance. No objection is made to the action of the court in permitting the amended declaration to be filed and it is therefore only necessary to inquire whether there is evidence in the record fairly tending to prove the cause of action alleged by the amended declaration. It appears to be the well-settled doctrine of this state, that where one railway corporation is operating a railway under a lease from another railway corporation, the lessee company and its servants are to be regarded as servants of the lessor company and in an action for damages for personal injuries caused by the negligence of the operating servant both companies are liable jointly and severally, without an allegation of negligence other than that of the lessee company. Anderson v. West Chicago St. R. R. Co., 200 Ill. 329; C. & C. T. Ry. Co. v. Hart, 209 Ill. 414; Penna. Co. v. Ellett, 132 Ill. 654. It is said in the Anderson case, *supra:* "It is the settled law of this State

that when injury results from the negligent or unlaw-
ful operation of a railroad, whether by the corporation
to which the franchise is granted or by another corpo-
ration or corporations, which the proprietary company
authorizes or permits to use its tracks, the company
owning the railway tracks and franchises will also be
liable, and for this purpose, the company whom it per-
mits to use its tracks, and its servants and employees
will be regarded as the servants and agents of the
owner company." Under these conditions the proof
of negligence by the servants of appellant was quite
within the allegation of the declaration before it was
amended, and therefore the court did not err in deny-
ing the motions for a peremptory instruction at the
time the rulings were made as insisted by appellant.
As we have already observed the question of variance
was eliminated by the amendment made after verdict
and of course the argument of appellant is not to the
point under the amended declaration. It is further
insisted by appellant that there is no proof that the car
was moved forward "without any notice or warning
to the plaintiff" and that the clause quoted is a sub-
stantial part of the negligence alleged. It may be said
in answer that there is no evidence of warning given,
and that a fair inference from appellee's testimony is
that she was not warned. In her account of what hap-
pened, she says: "I know the car started up with a
sudden jerk; it went ahead. I don't know whether it
started just the same as it always did on other occa-
sions, or anything about that. I only know it gave a
sudden jerk." If appellant's servants negligently
jerked the car and caused the injury while appellee
was in the exercise of due care for her own safety
there would be liability under the declaration, whether
appellee had warning notice or not, and so to that
extent the quoted part of the averment is immaterial.
Upon the whole we think the evidence clearly tends to
prove all the material allegations of the declaration
and that the court properly refused to take the case
from the jury.

Complaint is made of all the instructions given in behalf of appellee. To authorize a verdict if the plaintiff proves his case as stated in the declaration as directed by instruction No. 1, may be erroneous and misleading, depending upon the form of allegation or the issues to be tried. Such instructions have been condemned as in the case of Chicago City Railway Co. v. Mauger, 105 App. 579, cited by appellant. But where the declaration, as in the case at bar, alleges all the facts necessary to a recovery, such instruction is permitted, though not commended, by our Supreme Court. Penna. Co. v. Marshall, 119 Ill. 405; Chicago City Ry. Co. v. Hastings, 136 Ill. 251. Instruction No. 2 was cured by the *remittitur* of fifty dollars. Taylor v. Harris, 68 App. 92; North Chicago St. Ry. Co. v. Barber, 77 App. 257. The objections to instruction No. 3, for the most part, have already been fully considered in discussion of appellant's contention respecting a variance, and the insufficiency of the evidence to sustain the charge of negligence in form as made. The additional criticism that the word "negligently" is omitted in connection with the act of moving the car, and that the "injuries complained of" is not sufficiently definite without indicating by whom the complaint is made, are without merit. For the reasons stated by the court in Chicago Union Traction Co. v. Yarus, 221 Ill. 641, in discussing an instruction of like terms as to the degree of care required of a carrier of passengers, instruction No. 4 was not erroneous, nor are the authorities by appellant applicable or controlling in this case. The instruction is a substantially correct statement of an abstract legal proposition applicable in the case, and it was not therefore necessary to refer to the evidence. The question made by argument in objection to instruction No. 5 has already been considered in this opinion and our views need not be repeated. The record being free from prejudicial error the judgment of the City Court will be affirmed.

*Affirmed.*