## Pittsburg, C., C. & St. L. Ry. Co. v. Albert R. Gates, Adm'r, etc.

### Gen. No. 13,535.

1. MEASURE OF DAMAGES—*when instruction as to, erroneous, in action for death caused by wrongful act.*   Such an instruction is erroneous which does not limit the damages to the pecuniary loss sustained by the next of kin of the plaintiff's intestate.

2. INSTRUCTION—*upon preponderance of evidence, not erroneous.*   An instruction upon preponderance of evidence, as follows, is held not erroneous:   "The jury are instructed that the preponderance of evidence in a case is not alone determined by the number of witnesses in testifying to a particular fact, or state of facts.   In determining upon which side the preponderance of the evidence is, the jury should take into consideration the opportunities of the several witnesses for seeing or knowing the things about which they testify, their interest or lack of interest, if any, in the result of the suit; the probability or improbability of the truth of their several statements, in view of all the other evidence, facts and circumstances proved on the trial; and from all these circumstances determine upon which side is the weight or preponderance of the evidence."

Action in case for death caused by alleged wrongful act.   Appeal from the Superior Court of Cook county; the Hon. BEN M. SMITH, Judge, presiding.   Heard in this court at the March term, 1907. Reversed and remanded.   Opinion filed December 2, 1907.

LOESCH, SCOFIELD & LOESCH, for appellant.

JOHN C. FARWELL, G. G. BARRY and SIMON LA GROU, for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

The appellee is administrator of the estate of Arthur Hatfield, deceased, and sued appellant for negligence which he claims caused the death of his intestate. The jury found appellant guilty and assessed the damages at the sum of $5,000, and the court, after overruling appellant's motions for a new trial and in arrest of judgment, rendered judgment on the verdict. The accident which caused Hatfield's death occurred in the vicinity of Fifteenth street and appellant's right-of-way across said street. Fifteenth street lies east and west and is crossed by more than twenty-two railway tracks running north and south. West of the main tracks of the appellant there are sixteen tracks, fourteen of which are used for storage and switching. The deceased worked in a boiler shop located on the south side of Fourteenth street, an east and west street next north of Fifteenth street, and east of the railway tracks. The deceased came onto the railway tracks at the gate on the west side of the tracks, walking on the sidewalk on the south side of Fifteenth street, but before he reached the appellant's main tracks he crossed the street, walking north or northeast to the north sidewalk of Fifteenth street, and two of appellee's witnesses testified that the deceased was struck by the engine of a north-bound train of appellant while on the north sidewalk and turned round, and the first car following the engine hit him and threw him quite a distance, while seven witnesses called by appellant testified that the place where the engine struck the deceased was from 115 to 200 feet north of the intersection of the railway tracks and Fifteenth street. Thus there was a serious conflict in the evidence as to whether the deceased was struck on Fifteenth street or north of

that street on appellant's right-of-way.    Instruction 1 given to the jury at the request of appellee's counsel is as follows:

"The jury are instructed that if, from the evidence in the case, and under the instructions of the court, the jury shall find the issues for the plaintiff, and that the plaintiff has sustained damages as charged in the declaration, then to enable the jury to estimate the amount of such damages, it is not necessary that any witness should have expressed an opinion as to the amount of such damages; but the jury may, themselves, make such estimate from the facts and circumstances in proof and by considering them in connection with their own knowledge, observation and experience in the business affairs of life."

This is the only instruction given in respect to damages.    Appellant, in its written motion for a new trial, assigned as ground for the motion, that "the court erred in giving each of the instructions given by the court on behalf of the plaintiff," and this is also assigned for error.    Appellant also assigned as ground for a new trial and as error, that the damages are excessive.

The statute, by virtue of which such actions as this are brought, provides:    "In every such action the jury may give such damages as they shall deem a fair and just compensation, with reference to the pecuniary injuries resulting from such death to the wife and next of kin of such deceased person."    The instruction does not limit the damages to the pecuniary loss of the wife and next of kin.

In City of Chicago v. Scholten, Admr., 75 Ill. 468, the instruction was that if the jury found the defendant guilty of negligence, then they have a "right to find for the plaintiff, and should assess the damages at such sum as will, in the judgment of the jury, compensate the plaintiff and those in whose interest he sues, for the loss of the deceased."    In respect to this instruction the court say:    "But the instruction may

be liable to a just criticism, because of its ambiguity as to the nature of the damages the jury were at liberty to award. It should have contained some words of limitation, that would have expressly restricted the damages plaintiff might recover, to the pecuniary injury sustained. No other damages are recoverable under this statute. The court should have added the qualification indicated. In its present form, it stated the rule, as to damages recoverable in such actions, too broadly, and may have made the impression damages could be awarded for bereavement, and by way of solace for the affliction suffered. Such is not the law.''

In Street R. R. Co. v. Brodie, 156 Ill. 319, the court used this language: ''This statute has been before the court for consideration in a number of cases, and it has been uniformly held that damages can only be recovered for the pecuniary loss; that damages for the bereavement, for pain and suffering—damages by way of *solatium*—cannot, under this statute, be recovered.'' Citing numerous cases.

In T., St. L. & W. R. R. Co. v. Smart, Admr., 116 Ill. App. 523, the court held an instruction bad which informed the jury, that in case they found for the plaintiff they might assess such damages against the defendants as they thought just and right, upon a full consideration of all the evidence.

Appellee's counsel argue that the instruction was harmless because, as they say, the damages are not excessive. But we cannot assume that the jury would have rendered a verdict for $5,000 had they been limited by the instruction to the pecuniary loss suffered by the wife and next of kin of the deceased; nor can we tell what considerations influenced the jury under the very broad instruction given. The giving the instruction was reversible error.

Appellant's counsel also complain of appellee's 2nd instruction which is as follows:

"The jury are instructed that the preponderance of evidence in a case is not alone determined by the number of witnesses in testifying to a particular fact, or state of facts. In determining upon which side the preponderance of the evidence is, the jury should take into consideration the opportunities of the several witnesses for seeing or knowing the things about which they testify, their interest or lack of interest, if any, in the result of the suit; the probability or improbability of the truth of their several statements, in view of all the other evidence, facts and circumstances proved on the trial; and from all these circumstances determine upon which side is the weight or preponderance of the evidence."

Instructions substantially the same as this instruction have been held to be not erroneous in many cases. In Chicago Union Traction Co. v. Yarus, 221 Ill. 641, a similar instruction was given, and it was held that it was not error to give the instruction. Therefore, we cannot hold that it was error to give the instruction in question.

Because of the error in giving appellee's first instruction, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*