## Wiley W. Mills, Administrator, Appellee, v. The City of Chicago, Appellant.

### Gen. No. 15,496.

INSTRUCTIONS—*when in action for death caused by wrongful act erroneous.* An instruction upon the question of damages in such an action is erroneous if it does not limit the jury to damages to the pecuniary loss sustained to the next of kin.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of Cook county; the Hon. JAMES CRAIG, Judge, presiding. Heard in this court at the March term, 1909. Reversed. Opinion filed January 23, 1911. Rehearing denied February 6, 1911.

EDWARD J. BRUNDAGE and JOHN R. CAVERLY, for appellant; JAMES E. PURNELL, of counsel.

WILEY W. MILLS, WALTER S. CARR, ROSS C. HALL and WILLIAM H. HOLLY, for appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

In an action on the case for wrongful death plaintiff had judgment for $7,500 and the defendant appealed. The only instruction given on the subject of damages was this instruction, given for the plaintiff:

"If you find the defendant guilty, then the plaintiff is entitled to recover such damages as will compensate deceased's wife and children for whatever damages they have sustained on account of his death. And in estimating such damages, in case you find the defendant guilty, you may take into consideration the age of the said Otto Winter at the time of his decease, his business capacity, disposition to labor and habits of living, in so far as the same are shown by the evidence."

In P. C. C. & St. L. Ry. Co. v. Gates, 137 Ill. App. 309, the court instructed the jury that they might make an estimate of the damages "from the facts and circum-

CHICAGO—FIRST DISTRICT—JANUARY, 1911. 473

stances in proof and by considering them in connection with their own knowledge, observation and experience in the business affairs of life.'' The instruction was held erroneous because it did not limit the damages to the pecuniary loss sustained by the next of kin of plaintiff's intestate. In the opinion the reasons for the conclusion reached are stated and the authorities cited. We see no reason to change or modify the views so expressed.

The instruction in question does not limit the damages to the pecuniary loss sustained by the wife and children of the deceased, and appellant in this case, as in that, assigned as ground for new trial and as error, that the damages were excessive.

We think that the giving of said instruction was reversible error, and for such error the judgment will be reversed.

*Reversed.*